**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| TAMMY C. YOUNG, : | |
| : | |
| Claimant, : | |
| : | |
| v. : | CASE NO. 3:08-CV-45-CDL-GMF |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **Legal Standard**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may neither decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1, *et seq.*

Under the regulations, the Commissioner uses a five-step procedure to determine if

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

a claimant is disabled. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## Issues

I.      **Whether the ALJ erred in evaluating the opinions of the medical sources.**

II.     **Whether the ALJ erred in evaluating Claimant's subjective allegations of pain.**

III.    **Whether the ALJ erred in evaluating the side effects of Claimant's medications.**

**Administrative Proceedings**

Claimant filed for disability benefits on November 29, 2001. (T-108). Claimant's application was denied initially and on reconsideration. Claimant timely filed a request for a hearing before an administrative law judge (ALJ) which was ultimately held on February 9, 2004. (T-517-579). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated February 27, 2004. (T-40-49). Claimant then requested a review of the ALJ's findings by the Appeals Council, wherein the Appeals Council granted Claimant's request and remanded the case for further proceedings before the ALJ. (T-76). A second hearing was thereafter held on May 10, 2006, and the ALJ again found Claimant was not disabled in a decision dated December 7, 2006. (T-15-27). The appeals Council then denied review, making the ALJ's decision the final decision of the Commissioner. (T-6).

**Statement of Facts and Evidence**

Claimant alleges in her disability application that she is disabled due to severe low back pain, numbness in her left leg, Lumbar HNP, degenerative disc disease, carpal tunnel syndrome, knee problems and Chondromalcia. (T-109). After examining the medical records, the ALJ determined that Claimant had chronic back pain due to a herniated nucleus pulposus at L5-S1; thoracic outlet syndrome; history of bilateral carpal tunnel syndrome; Chondromalcia; and obesity, impairments that were severe within the meaning of the Regulations, but not severe enough to meet any of the relevant Listings. (T-18). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform a limited range of sedentary work. (T-25). The ALJ then utilized the testimony of a vocational expert to

determine that Claimant could not perform her past relevant work but could perform other jobs that exist in significant numbers in the national economy, thereby resulting in a finding of "not disabled." (T-35-37).

## Discussion

**I.    Did the ALJ err in evaluating the opinions of the medical sources?**

In her first enumeration of error, Claimant contends that the ALJ erred in improperly rejecting the opinions of both treating and evaluative medical sources, substituting her own opinion for that of the medical experts, and placing undue reliance on the opinion of a reviewing physician. (R-9, pp. 19-24).

First, Claimant argues that the ALJ discounted essentially all of the medical opinions except for those of Dr. Allan Levine, an orthopaedic surgeon who never examined Claimant, but testified at her second hearing. *Id.* The Claimant further contends that the ALJ erroneously failed to credit the opinions of Dr. Strother, a physician who had ben treating Claimant since 2004, Chris Whitmore, a physical therapist who worked with Claimant, or Dr. Schacher, a consultative examiner who examined Claimant. *Id.*

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or

reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991). *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). To give a medical opinion controlling weight the ALJ "must find that the treating source's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of record. *Id.*

The weight afforded a medical source's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon: the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support an opinion, the consistency of the opinion with the record as a whole, the specialty of the medical source and other factors. 20 C.F.R. §416.927(d).

The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a); *see also* SSR 96-5p. An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he or she finds the claimant disabled or that he finds that the claimant's impairments meet or equal any

relevant Listing.  20 C.F.R. § 416.927(e)(1), (2) & (3); SSR 96-5p.  Determinations of disability or RFC "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination of disability." 20 C.F.R. § 404.1527(e); *see also* SSR 96-5p.

In this instance, the ALJ's decision reveals that she reviewed the records provided by Dr. Strother, Ms. Whitmore and Dr. Schacher, as well as the other medical providers in ultimately determining what opinions to credit or not.  It is found from her decision that the ALJ clearly articulated her reasons for giving less weight to the opinions of Dr. Strother and Dr. Schacher, as well as the opinion of Ms. Whitmore, and that her reasons constitute good cause.  The ALJ based the decision on the evidence of record, including the treatment notes of Dr. Strother, medical records in evidence, the assessments and evaluations of state agency consultants like Dr. Schacher, as well as the opinion of Dr. Levine, a medical expert. The ALJ also relied on the symptoms and limitations as subjectively alleged by the Claimant which, based on the medical evidence, the ALJ found not to be entirely credible.  (T-33). Upon review of the entire record, the Commissioner appears to have committed no error in applying the proper legal standard in discounting the opinion of Claimant's treating physician, Dr. Strother, as well as that of Ms. Whitmore or Dr. Schacher, a state agency consultant, and substantial evidence supports her decision.  The ALJ's decision reveals that she went to great lengths to explain the reasoning behind her findings, and even sought the testimony of a medical expert to provide his opinion at Claimant's hearing.  Therefore, the

court finds no error in the ALJ's decision to discount the opinions of the medical providers.

## II.     Did the ALJ properly evaluate the Claimant's subjective allegations of pain?

Claimant also contends that the ALJ erred in discounting her allegations of pain. (R-9, p. 24). Specifically, Claimant contends that the Appeals Council instructed the ALJ to make a proper determination regarding her credibility and the ALJ failed to comply. *Id.* Social Security Regulation 96-7p, which deals with evaluating a Claimant's credibility, states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

In her Findings, the ALJ discussed Claimant's medical records and work history with

regard to her allegations of the severity, i.e. the "intensity, persistence and limiting effects" of her pain. (T-33). A review of the record reveals that the ALJ considered Claimant's testimony, medical evidence provided by the Claimant, and her functional limitations to find that the allegations of pain were not entirely credible. *Id.*

In evaluating credibility, "[b]ased on a consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be credible." S.S.R. 96-7p. A limitation cannot be established solely by a claimant's own report. *See* 20 C.F.R. § 416.928(a). The record must contain medical evidence, in the form of observable abnormalities or laboratory findings, that "shows the existence of a medical impairment(s) . . . which could reasonably be expected to produce" the alleged limitation. *Id.*

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

The Eleventh Circuit has also held that:

> [W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not

9

>require an explicit finding as to credibility, . . . the implication
>must be obvious to the reviewing court.

*Foote v. Chater*, 67 F. 3d 1553, 1562 (11th Cir. 1995)(*quoting Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983)). Applying the *Holt* test to Claimant's pain allegations, the Court concludes that Claimant failed to overcome the Findings of the ALJ by establishing either that the medical evidence confirmed the severity of her pain or that her medical condition was so severe as to reflect the alleged pain. The ALJ specifically noted inconsistent statements made by Claimant to her medical providers, the results of examinations and treatment notes of her providers, as well as the conservative treatment prescribed by her providers. (T-25-27). As noted above, the court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision. Here, the ALJ applied the proper standards and supported her credibility assessment with substantial evidence in the record. It is found, therefore, that Claimant's remaining arguments with regard to the issue of credibility are also deemed meritless.

### III.    Did the ALJ err in evaluating the side effects of Claimant's medications?

Lastly, the Claimant contends that the ALJ failed to comply with the Regulations in evaluating the side effects of her medications. (R-9, p.27). Specifically, the Claimant contends that the ALJ was required to make a finding as to the effects of an anti- nausea medication on her ability to work and that the failure to do so constitutes reversible error pursuant to the holding in *Cowart v. Schweiker*, 662 F.2d 731 (11th Cir. 1981). The record

reveals that Dr. Levine, the medical expert who testified that the migraines Claimant experienced, as well as the pain medications she took for her impairments, could cause nausea, but further testified that neither Phenergan, which was prescribed to Claimant for her nausea, nor the pain medication that she took, would interfere with her ability to work. (T-537-539).

The Court finds that the evidence of record fails to show that Claimant consistently complained of side effects from her medications. The Regulations state that the burden is on the claimant to prove the severity of her impairments. 20 C.F.R. §§ 404.1512(a)(c); 416.912(a) and (c). It is up to Claimant to ensure that the Commissioner gets enough information to make a qualified decision in her case. Absent that evidence, the ALJ was under no obligation to include Claimant's alleged side effects in her determination of their possible effect on Claimant's residual functional capacity.

## CONCLUSION

Based on the evidence presented, no basis is found for Claimant's contention that the ALJ committed error, because the determinations made were completely within her judicial discretion. Furthermore, the record fails to reveal any evidence that the ALJ acted outside of her judicial role in determining the extent of Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this

recommendation.

    THIS the 11th day of March, 2009.

                                            S/ G. MALLON FAIRCLOTH
                                            UNITED STATES MAGISTRATE JUDGE

eSw